*a JAO*

Orighoye Dennis Iyonsi

Orighoye.denny@gmail.com

ORIGINAL

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
AUG 12 2019
at 10 o'clock and 25 min. A M cB
SUE BEITIA, CLERK

# In the United States' Federal District Court of Hawaii

CV19 00429 JAO KJM

## Orighoye Dennis Iyonsi, Petitioner

v.

## Hawaii

## Honolulu Police Department

---

*THE STATE OF HAWAI'I OF APPEALS FOR THE FEDERAL DISTRICT CIRCUIT COURT*

---

**BRIEF FOR THE UNITED STATES AS AMICUS CURIAE**

---

{ 1 }

## QUESTIONS PRESENTED

1. Whether traversing the sidewalk of a park heading towards the exit is deemed a ticketing or an arrest-able offense.
2. Whether in compliance of the quotable laws of the United States of America and its constitution under Honolulu laws should warrant a forceful and or brutality by the arresting officers.
3. Whether the arresting officers and/or officer is granted judgeship rights and/or clerkship rights in a deliberation and/or argument against said perpetrators in a law court.

## TABLE OF CONTENTS

**Page [s]**

Interest of the United States..................................................................................... [06]

    1. Motion to Compel............................................................................... [07]

Statement.................................................................................................................. [07]

    1. Incident Report .................................................................................. [07]

    2. Court Arraignment and Report.......................................................... [08]

Conclusion................................................................................................................ [09]


# TABLE OF AUTHORITIES

**Page [s]**

**Hawaiian Constitution of the United States:**

Public Parks and Recreational Activities

Article 1 .................................................................................................. [06]

Chapter 10 ............................................................................................. [06]

Section 10-1.2 item (a) (12) ................................................................. [06]

# In the United States' Federal District Court

Orighoye Dennis Iyonsi, Petitioner

v.

Hawaii

Honolulu Police Department

*THE STATE OF HAWAI'I OF APPEALS FOR*
*THE FEDERAL DISTRICT CIRCUIT COURT*

**BRIEF FOR THE UNITED STATES AS AMICUS CURIAE**

## INTEREST OF HAWAII AND THE UNITED STATES OF AMERICA

This case partakes to the regulatory effectiveness of closed-open spaces and its rendition thereof. If closed and without barricades or gates, and with a path to traverse from point A to point B, is it a violation of said laws if the sidewalk, a path is a traverse point? An example would be a mall structure, closed for business but a point across points or any closed-open structure for the matter. Also, the point of contention in a park, an open-closed domain is only closed due to activities being held within the domain and as a result, a provision of park permits to dissolve the closed format i.e. timed availability but that is beside the point. The main issue with this is the resulting arrest of the laws put in place; a traverse of the park and in compliance with the laws as an arrest was issued with hands put forward in observance of said laws according to section 10-1.2 item (a) (12) of the Rules, Regulations, Charges and Fees For Public Parks and Recreational Activities under Chapter 10 Article 1 under Honolulu Hawaii laws which states "Enter or remain in any public park during the night hours that the park is closed, provided that signs are posted indicating the hours that the park is closed, except that a person may traverse a public beach park using the most direct route during park closure hours for the purpose of reaching the shoreline" with the police officers on duty at the time wrestling me to the ground with punching and kicking involved while in compliance of the arrest issued. The other point of contention with the arrest, subsequent time in jail – placed in an isolation cell – and arraignment on the arrest is the inclusion of the instigating police officer featuring as the judge/clerk in deliberation of the case.

**MOTION TO COMPEL**

This case violates the dichotomy imposed on a governmental structure with the position of the Judicial branch, Executive branch and the legislative branch of governance with the imposition of a police officer serving as the judge/clerk to which he/she was involved in. Also, an arrest issuance and subsequent treatment in a legal traverse of a park and observance of its laws.

## STATEMENT

### INCIDENT REPORT

On the 19th of May 2019, I was walking on the side walk of the Ala Moana State park heading towards the exit of the park when I was approached by cops on duty with them stating to me that the park was closed to which I acknowledged and stated I was heading to towards the exit and me walking on the side walk isn't a violation of the laws put in place to regulate closures. The lead cop for the arrest, Mr. Watanabe asked for an identification to which I obliged and stated he was going to place me under arrest to which I asked what for and he responded saying I was in violation of park laws I.e. walking along the side walk of the state park and I responded with here are my hands for hand cuffs by stretching my hands out for the arrest with me highlighting I wasn't in violation of the law. He then stated for me to put down my bags I was carrying and I said I would like my bags on me for the arrest which isn't a dismissal of the arrest issued with compliance already followed. Following this incident, I was then attacked by Mr. Watanabe and the two other male cops that were present with him attempting to wrestle me to the ground with punches and knees to my rib region and legs on the way to the ground and on the ground with the female cop on duty joining in later. With cuffs on and without

Miranda rights issued, I was placed in a cop car and taken to the Honolulu jail and placed in an isolation cell till the 22nd of May 2019 after my court arraignment and pleading no contest to be out of jail.

### COURT ARRAINGMENT AND REPORT

On the court arraignment day, the 22nd of May 2019, I was transferred to a holding cell where I was in wait to see the State's appointed lawyer on my case Mrs. Jamie C. Akano. In meeting with her, she highlighted the possible scenarios in plead and with me stating to her what had happened during the arrest and that I wanted to be out of jail and pleading no contest to the arrest in order to be out of jail seemed fitting. We saw the Judge and I was released from jail on the 22nd of May 2019. Upon exit, I looked through the court documents I received and noticed that the arresting officer's name Mr. Watanabe was also the name stated as the clerk/judge for the case as well to which I made known in contact to the state appointed lawyer on my case Mrs. Jamie C. Akano the following morning via email on the 23rd of May 2019 at 9:54 am HST; a subversion of the Judicial and legislative with the Cop an executive highlighting conspiracy and superior respondeat.

## CONCLUSION

Respectfully submitted,

Name: Orighoye Dennis Gyonsi

Signature: *[signature]*

Email: Orighoye.dennis@gmail.com

Date: August 8th 2019.

United States Federal Circuit Court for the State of Hawaii
File Number SCOT-19-0000499

| Orighoye Dennis Iyonsi, Plaintiff<br><br>v.<br><br>Honolulu Police Department, Hawaii, Defendant | Notice of Appeal |
|---|---|

    Notice is hereby given that (Honolulu Police Department, Hawaii), (Orighoye Dennis Iyonsi) (Honolulu Police Department, Hawaii) in the above named case,* hereby appeal to the United States Court of Appeals for the Federal Circuit Court of the state of Hawaii for order denying petition with the statement alluding to me failing to demonstrate that the case is entitled to/from the Supreme court of Hawaii entered in this action on the 17th day of July, 2019.

(s) _Self representation (orighoye)_
Attorney for _Orighoye Dennis Iyonsi_
Address: _Homeless._

[*Note to inmate filers:* *If you are an inmate confined in an institution and you seek the timing benefit of Fed. R. App. P. 4(c)(1), complete Form 7 (Declaration of Inmate Filing) and file that declaration along with this Notice of Appeal.*]

---

* See Rule 3(c) for permissible ways of identifying appellants.

## AFFIDAVIT OF IDENTITY – INDIVIDUAL

COUNTRY of United States of America }

STATE of Hawaii }

COUNTY of Honolulu }

I, Orighoye Denny Iyonsi, do solemnly swear under oath that the Identity provided is backed up by a birth certificate upon issuance (Travel visa issuance, Passport issuance, Green Card issuance etc. as per requirements provided, verified and granted) under the name Oye Iyonsi and I acknowledge and I swear to truth that the document/Identity provided is the same person as Orighoye Denny Iyonsi.

Affiant signature before public notary _____

Signature of public notary officer Wade K. Honma

Date: August 7th 2019

NOTARY STAMP

Commission Expiration date:

December 28, 2020

Doc Date: 8/7/2019   # Pages: 1
Name: Wade K. Honma   First Circuit
Doc. Description: Affidavit of Identity – Individual

Signature   8/7/2019

NOTARY CERTIFICATION

Electronically Filed
Supreme Court
SCOT-19-0000499
17-JUL-2019
10:07 AM

SCOT-19-0000499

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

ORIGHOYE DENNIS IYONSI, Petitioner,

vs.

HAWAIʻI POLICE DEPARTMENT, Respondent.

---

ORIGINAL PROCEEDING

<u>ORDER DENYING PETITION</u>
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of petitioner Orighoye Dennis Iyonsi's "Brief for the United States as Amicus Curiae," filed as a petition on July 10, 2019, and the record, it appears that petitioner fails to demonstrate that he is entitled to relief from this court.  Accordingly,

IT IS HEREBY ORDERED that the petition is denied.

DATED: Honolulu, Hawaiʻi, July 17, 2019.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

