IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ORIGHOYE DENNIS IYONSI, | CIVIL NO. 19-00429 JAO-KJM |
| Plaintiff, | ORDER (1) DISMISSING COMPLAINT AND (2) DENYING APPLICATION TO |
| vs. | PROCEED IN FORMA PAUPERIS |
| HONOLULU POLICE DEPARTMENT, | |
| Defendant. | |

ORDER (1) DISMISSING COMPLAINT AND (2) DENYING
APPLICATION TO PROCEED IN FORMA PAUPERIS

Before the Court is Plaintiff Orighoye Dennis Iyonsi's ("Plaintiff")

Application to Proceed In Forma Pauperis ("IFP Application"), filed August 12,

2019.  For the reasons set forth below, the Court DISMISSES the Complaint and

DENIES the IFP Application.

BACKGROUND

Plaintiff commenced this action on August 12, 2019 and filed an Amended

Complaint on August 15, 2019.  Based on his caption and the formatting and

content of his pleadings, Plaintiff seems to mistakenly believe that this Court is an

appellate court.  Compl., ECF No. 1 (identifying the Court as "The State of

Hawai'i of Appeals for the Federal District Circuit Court"); ECF No. 5 (identifying

the Court as "The State of Hawai'i Court of Appeals for the Federal District

Circuit Court"); *Id.* at 2 (including a "Questions Presented" section).   He also identified his pleadings as "Brief for the United States as Amicus Curiae."[1]

This action arises from Plaintiff's May 19, 2019 arrest while walking on the sidewalk in Ala Moana park.  *Id.* at 7.  Plaintiff alleges that Honolulu Police Department Officers Watanabe and Pugoyo approached him, asked him for identification, then informed him that they were placing him under arrest for violation of park laws.  *Id.*  Plaintiff asserts that Revised Ordinance of Honolulu ("ROH") 10-1.2(a)(12)[2] violates 18 U.S.C. § 245.  *Id.*  During this incident, Officer Watanabe and three other unidentified officers (two males and one female) allegedly punched Plaintiff in an effort to wrestle him to the ground.  *Id.* at 8.  Plaintiff claims that he was handcuffed and placed into a police vehicle without

---

[1]  Plaintiff appears to have filed his pleading(s) with the Hawaiʻi Supreme Court, which denied his petition.  He attached the Order Denying Petition to his Complaint.  The Order can also be found on the Hawaiʻi State Judiciary website. https://www.courts.state.hi.us/wp-content/uploads/2019/07/SCOT-19-0000499ord.pdf (last visited Aug. 28, 2019).

[2]  ROH 10-1.2(a)(12) deems it unlawful within the limits of any public park to

> [e]nter or remain in any public park during the night hours that the park is closed, provided that signs are posted indicating the hours that the park is closed, except that a person may traverse a public beach park using the most direct route during park closure hours for the purpose of reaching the shoreline.

being read his *Miranda* rights—in violation of 42 U.S.C. § 14141—and taken to a Honolulu jail, where he remained in an isolation cell until May 22, 2019.

As best the Court can discern, Plaintiff asserts claims for false arrest; excessive force/brutality; and discriminatory and unlawful arrest while on a park sidewalk, in violation of his right to participate in "lawful speech and peaceful assembly with peaceful assembly stated as shall not mean the aiding, abetting, or inciting of other persons to riot or to commit any act of physical violence upon any individual or against any real or personal property." *Id.* Plaintiff also alleges that there is a subversion of the judicial and legislative process that amounts to a conspiracy in violation of 18 U.S.C §§ 241 and 242 because Officer Watanabe acted as a clerk/judge in a court of law. *Id.* at 9.

## DISCUSSION

A. Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C.
    § 1915(e)(2)

Plaintiff requests leave to proceed in forma pauperis. A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When

3

evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw

4

the reasonable inference that the defendant is liable for the misconduct alleged."
*Ashcroft*, 556 U.S. at 678.

In the present case, even construing the Complaint liberally, *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate because the basis for jurisdiction is unclear and the Complaint fails to state a claim upon which relief can be granted.

Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  If the Court lacks subject matter jurisdiction, an action must be dismissed.  Fed. R. Civ. P. 12(h)(3). Here, Plaintiff has failed to meet his burden of establishing that subject matter jurisdiction exists.  He alleges, in conclusory fashion, that the Officers, none of whom are named as Defendants, violated certain federal statutory provisions. However, the cited provisions are inapplicable.

Plaintiff alleges that his arrest without a *Miranda* warning violated 42 U.S.C. § 14141.  Section 14141, which is now codified at 34 U.S.C. § 12601,[3] provides:

---

[3]  *United States v. Town of Colorado City*, __ F.3d __, No. 17-16472, 2019 WL 4008005, at *1 (9th Cir. Aug. 26, 2019) (noting that the Violent Crime Control and

(a) Unlawful conduct

It shall be unlawful for any governmental authority, or any
agent thereof, or any person acting on behalf of a governmental
authority, to engage in a pattern or practice of conduct by law
enforcement officers or by officials or employees of any
governmental agency with responsibility for the administration
of juvenile justice or the incarceration of juveniles that deprives
persons of rights, privileges, or immunities secured or protected
by the Constitution or laws of the United States.

34 U.S.C. § 12601(a). However, enforcement rests with the Attorney General. 34

U.S.C. § 12601(b) ("Whenever the Attorney General has reasonable cause to

believe that a violation of paragraph (1) has occurred, the Attorney General, for or

in the name of the United States, may in a civil action obtain appropriate equitable

and declaratory relief to eliminate the pattern or practice."); *Colorado City*, __ F.3d

at __, 2019 WL 4008005, at *1 (9th Cir. Aug. 26, 2019) (lawsuit initiated by the

United States pursuant to 34 U.S.C. § 12601); *Gustafson v. City of W. Richland*,

559 F. App'x 644, 645 (9th Cir. 2014) ("42 U.S.C. § 14141 . . . only provides for

civil actions brought by the United States Attorney General."). Moreover, this

statute concerns the administration of juvenile justice. Plaintiff has not alleged any

facts implicating juvenile justice. Therefore, § 12601 has no applicability here and

in any event cannot be enforced by Plaintiff.

---

Law Enforcement Act of 1994, 34 U.S.C. § 12601, was formerly codified at 42
U.S.C. § 14141).

Plaintiff also cites 18 U.S.C. §§ 241, 242 and 245.  These *criminal* statutes cannot be enforced by Plaintiff or supply a basis for jurisdiction in this Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam) ("These criminal provisions . . . provide no basis for civil liability."); *Romine v. Big O Tires Corp. Headquarters*, 685 F. App'x 516, 517 (9th Cir. 2017); *Levai v. Law*, 235 F. App'x 684, 685 (9th Cir. 2007) ("Levai's reliance on 18 U.S.C. §§ 241, 245, and 247 is unavailing because criminal provisions provide no basis for civil liability."); *Cazares v. Cal. Workers Comp. Appeals Bd.*, 210 F.3d 382, 382 (9th Cir. 2000) ("Cazares failed to state a claim upon which relief could be granted because [18 U.S.C. §§ 241, 242] confer neither any substantive rights nor any private rights to bring a civil action for damages.").

Even if §§ 241 and 242 applied, Plaintiff's allegations are founded upon implausible facts that reveal his misapprehension about the judicial system. Plaintiff believes that Officer Watanabe deprived him of rights due to Officer Watanabe's "deliberate imposition in a court of law as a clerk/judge."  ECF No. 5 at 9.  First, a judge and clerk are not one in the same.  Second, that court personnel might share the same last name as Office Watanabe does not mean Officer Watanabe conducted or imposed upon the judicial proceedings.  Indeed, according to eCourt Kokua, in a case filed against Plaintiff on May 22, 2019 (presumably the case he references in the Amended Complaint), the minutes reflect that Judge

7

Clarence Pacarro presided and the clerk was Kari Watanabe.  http://jimspss1.

courts.state.hi.us:8080/eCourt/ECC/CaseSearch.iface (last visited Aug. 28, 2019)

(identifying case/citation number as 1DCW-19-0001677).  Plaintiff refers to

Officer Watanabe as a male, ECF No. 5 at 9 (using the pronoun "his"); therefore, it

is clear that Officer Watanabe did not act as clerk, much less in violation of

Plaintiff's rights.

Given the inapplicability of the statutes relied upon by Plaintiff, the basis for

the Court's jurisdiction is unknown.  Even assuming jurisdiction exists, Plaintiff

does not articulate adequate facts or law to support his claims.  He does not

identify legal claims, nor any facts corresponding to those claims.  Finally, he does

not explain how Defendant caused him harm; he only identifies acts committed by

Officer Watanabe, Officer Pugoyo, and three unidentified officers.

In light of the Amended Complaint's deficiencies and failure to state a claim

upon which relief can be granted, it is hereby dismissed.  Leave to amend should

be granted even if no request to amend the pleading was made, unless the Court

determines that the pleading could not possibly be cured by the allegation of other

facts.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821

F.2d at 1370.  Specifically, "pro se plaintiffs proceeding in forma pauperis must

also be given an opportunity to amend their complaint unless it is 'absolutely clear

that the deficiencies of the complaint could not be cured by amendment.'" *Tripati*,

8

821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)); *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted) ("If a pro se complaint is dismissed for failure to state a claim, the court must 'freely grant leave to amend' if it is 'at all possible' that the plaintiff could correct pleading deficiencies by alleging different or new facts.").

Notwithstanding the foregoing deficiencies, the Court acknowledges that Plaintiff is proceeding pro se and it is possible that certain deficiencies could be cured by amendment.  Accordingly, the Court dismisses the Amended Complaint without prejudice and grants Plaintiff limited leave to amend.  Plaintiff may not reassert 34 U.S.C. § 12601 (formerly codified at 42 U.S.C. § 14141) or 18 U.S.C. §§ 241, 242 and 245 as legal bases for his claims.  He must (1) identify a proper basis for the Court's jurisdiction; (2) provide applicable legal authority; and (3) assert sufficient facts to demonstrate that he is entitled to relief.

Plaintiff is also obligated to comply with all rules governing pleadings. Plaintiff is reminded that the court is not an appellate court and thus, pleadings should not be presented in the form utilized for his Complaint and Amended Complaint, nor should the pleading include a "questions presented" section, table of contents, or table of authorities.  Plaintiff's claims should be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

Any amended complaint—which should be titled "Second Amended Complaint"—must be filed by **September 27, 2019** and must cure the deficiencies identified above.  Failure to timely file an amended pleading will result in the automatic dismissal of this action.

B. IFP Application

As for Plaintiff's IFP Application, the Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).  Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'"  *Id.* (citation omitted).

Plaintiff represents that he has zero income and nothing of value.  However, another action pending in this district,[4] in which Plaintiff challenges Walmart's policy for purchases using an EBT card, suggests that Plaintiff might be receiving "income" (in the form of food stamps) that he did not disclose on his IFP

---

[4] *Iyonsi v. Wal-Mart Inc.*, Civil No. 19-00430 JMS-RT.

10

Application.  Accordingly, the Court DENIES the IFP Application without prejudice.  If Plaintiff elects to file an amended pleading, he must concurrently file an IFP Application that contains complete and accurate responses to all questions *or* he must pay the applicable filing fee.

## CONCLUSION

In accordance with the foregoing, Court:  (1) DISMISSES the Complaint with leave to amend and (2) DENIES Plaintiff's IFP Application.

If Plaintiff elects to file an amended complaint, he must comply with the following requirements:

(1)     Plaintiff's deadline to file an amended complaint is **September 27, 2019**;

(2)     Plaintiff's amended complaint should be titled "Second Amended Complaint";

(3)     Plaintiff must cure the deficiencies identified above; and

(4)     Plaintiff must file an IFP Application with the amended complaint *or* pay the applicable filing fee.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order *and* file an IFP Application or pay the applicable filing fee will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaiʻi, August 29, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 19-00429 JAO-KJM; *IYONSI V. HONOLULU POLICE DEPARTMENT*; ORDER (1) DISMISSING COMPLAINT AND (2) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS