IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ORIGHOYE DENNIS IYONSI, | ) | CIVIL NO. 19-00429 JAO-KJM |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER (1) DISMISSING ACTION AND (2) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |
| vs. | ) ) ) | |
| HONOLULU POLICE DEPARTMENT, | ) ) ) | |
| Defendant. | ) ) | |

ORDER (1) DISMISSING ACTION AND (2) DENYING
APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT

Before the Court is Plaintiff Orighoye Dennis Iyonsi's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application"), filed September 4, 2019. For the reasons set forth below, the Court DISMISSES this action and DENIES the IFP Application as moot.

Plaintiff commenced this action on August 12, 2019 and filed an Amended Complaint on August 15, 2019. On August 29, 2019, the Court issued an Order (1) Dismissing Complaint and (2) Denying Application to Proceed in Forma Pauperis ("Order"). ECF No. 8. The Court dismissed the Amended Complaint because the basis for jurisdiction was unclear and Plaintiff failed to state a claim upon which relief could be granted. Although the Court granted Plaintiff leave to amend, it prohibited Plaintiff from reasserting 34 U.S.C. § 12601 (formerly

codified at 42 U.S.C. § 14141) or 18 U.S.C. §§ 241, 242 and 245 as a legal basis for his claims. *Id.* at 9. The Court directed Plaintiff to: (1) identify a proper basis for the Court's jurisdiction; (2) provide applicable legal authority; and (3) assert sufficient facts to demonstrate that he is entitled to relief. *Id.* The Court further instructed that Plaintiff's pleadings should not be presented in the form utilized for his Complaint and Amended Complaint; that his pleadings should not contain a "questions presented" section, table of contents, or table of authorities; and that pursuant to Federal Rule of Civil Procedure ("FRCP") 10(b), his claims should be stated in numbered paragraphs, each limited to a single set of circumstances. *Id.* The Court cautioned Plaintiff that his failure to cure the defects identified in the Order would result in the dismissal of this action. *Id.* at 10-11.

Plaintiff responded by filing a document titled "Opposition Motions to Order of Dismissal and Denial of In Forma Pauperis." ECF No. 10. The Court issued an Entering Order ("EO"), explaining that to the extent Plaintiff's document could be construed as a motion for reconsideration, he failed to provide any factual or legal bases for relief. ECF No. 12. The Court again admonished Plaintiff that his failure to comply with the Order *in all respects* would result in the dismissal of the action. *Id.*

On September 26, 2019, Plaintiff filed a Second Amended Complaint ("SAC"). ECF No. 16. With the exception of a couple of changes on the cover

page, the SAC is identical to the Amended Complaint, which the Court already reviewed, discussed, and dismissed. In short, the SAC violates the Order.

Courts do not take failures comply with Court orders lightly. FRCP 41(b) authorizes the Court to sua sponte dismiss an action for failure "to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Although the Court recognizes that Plaintiff is proceeding pro se, he is not exempt from complying with all applicable rules. Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiff's violation of the Court's Order, the Court finds that the *Pagtalunan* factors support dismissal of this action. The public's interest in

3

expeditious resolution of this litigation strongly favors dismissal, *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted), as does the Court's need to manage its docket. *Id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, there is no risk of prejudice to Defendant, as it has yet to be served.

Finally, there are no less drastic alternatives available at this time. Plaintiff already amended his pleading once as a matter of course, and the Court provided him with an opportunity to amend. The Court clearly identified the Amended Complaint's deficiencies and outlined the requirements for curing the identified defects. Instead of endeavoring to address those deficiencies in the one-month window provided by the Court, Plaintiff elected to refile the same deficient pleading with a different title. Because it is the same pleading, not only did Plaintiff violate the Order's requirements, the SAC is subject to dismissal for the same reasons articulated in the Order.

This case cannot proceed without a viable operative pleading, and Plaintiff's disregard of the directions and admonishments in the Order reflects his unwillingness to comply with rules and orders. Notably, Plaintiff has not established a basis for this Court's jurisdiction, as he must, *Kokkonen v. Guardian*

4

*Life Ins. Co.*, 511 U.S. 375, 377 (1994), and absent subject matter jurisdiction, the case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

For these reasons, the Court DISMISSES this action. In light of the dismissal, Plaintiff's IFP Application is DENIED as moot.

## CONCLUSION

In accordance with the foregoing, the Court DISMISSES this action and DENIES Plaintiff's IFP Application as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, September 30, 2019.

_____
Jill A. Otake
United States District Judge

CIVIL NO. 19-00429 JAO-KJM; *IYONSI V. HONOLULU POLICE DEPARTMENT*; ORDER (1) DISMISSING ACTION AND (2) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS APPLICATION AS MOOT

5